*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD HUTCHINSON, SR. AND SHAROLYN HUTCHINSON, Plaintiffs<br><br>v.<br><br>DAVID M. WEISINGER, UNITED STATES POSTAL SERVICE, JOHN DOE OWNERS (1-10) AND/OR RESPONSIBLE PARTIES (1-10),<br><br>Defendants. | Civil Action No.: 12-5792 (FLW)<br><br>**OPINION** |

**WOLFSON**, **United States District Judge:**

In this personal injury action, defendants, the United States Postal Service ("USPS") and David Weisinger (collectively, "Defendants"), a USPS driver, move to dismiss Plaintiffs Richard and Sharolyn Hutchinson's ("Plaintiffs") negligence and loss of consortium claims brought pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiffs allege that Mr. Weisinger injured Mr. Hutchinson when Mr. Weisinger negligently proceeded through an intersection in a USPS vehicle and collided with Mr. Hutchinson's car. Procedurally, Defendants argue that this Court lacks subject matter jurisdiction to entertain suit because 1) Plaintiffs improperly assert claims against Defendants, who are statutorily immune from suit, and failed to name the proper defendant, the United States; and 2) Plaintiffs failed to comply with the "jurisdictional administrative claim requirements" of the FTCA by not providing a sum certain on their Standard Form 95. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## BACKGROUND

This action arises from a motor vehicle accident on September 15, 2010, in Trenton, New Jersey, in which Mr. Hutchinson was allegedly injured by Mr. Weisinger while Mr. Weisinger was driving a USPS vehicle. Compl. ¶¶ 1, 4. Plaintiffs assert that Mr. Weisinger negligently operated his USPS truck and collided with Mr. Hutchinson's car at the intersection of Ardmore Avenue and Gladstone Avenue. Compl. ¶¶ 4-5. Plaintiffs complain that this collision has caused Mr. Hutchinson to "suffer severe and permanent bodily injuries." *Id*. Mrs. Hutchinson claims she suffered loss of consortium due to her husband's injuries. *Id* at p. 6. Plaintiffs, thereafter, filed an administrative claim with the USPS on October 7, 2010. *Id*. at p. 1. It is Plaintiffs' position that all administrative remedies have been exhausted because six months had elapsed since they filed their administrative claim, and the agency had not issued a decision. On September 14, 2012, Plaintiffs filed the instant action for negligence and loss of consortium against Defendants pursuant to the FTCA. *Id*.

## STANDARD OF REVIEW

At issue in a Rule 12(b)(1) motion is the Court's "very power to hear the case." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977); *Harris v. Veterans Admin. Hosp.*, No. 10-302, 2010 WL 1050521, at *1 (W.D. Pa. Mar. 16, 2010). When subject matter jurisdiction is challenged under Rule 12(b)(1), the Court "must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A facial attack is one where the defendant attacks the complaint on its face; whereas a factual attack, focuses on "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen*, 549 F.2d at 891. In reviewing a facial challenge, the Court must dismiss a plaintiff's claims if "the allegations on the

face of the complaint, taken as true, [do not] allege facts sufficient to invoke the jurisdiction." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994). In contrast, when reviewing a factual attack, the court is allowed to consider evidence outside the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), modified by *Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Here, Defendants facially attack Plaintiffs' Complaint based on their failure to name the United States as a party. I will turn to that issue first.[1]

## DISCUSSION

### A. Subject Matter Jurisdiction

Plaintiffs only bring this action against the USPS and the employee-driver involved in the accident at issue. In that regard, Defendants contend that this Court lacks subject matter jurisdiction because the United States is the only proper defendant in a FTCA action and it has not been named in this suit. In response, however, Plaintiffs do not address this argument or otherwise explain why this case should not be dismissed because of such a defect.

"There is no disputing that under the plain language of [28 U.S.C.] § 2679(a) the United States, and not an agency of the United States, is the only proper defendant in tort actions arising from the alleged negligent or wrongful conduct of federal employees." *Jama v. U.S. I.N.S.*, 22 F. Supp. 2d 353, 366 (D.N.J. 1998); 28 U.S.C. § 2679(a); *see Morano v. U. S. Naval Hosp.*, 437 F.2d 1009, 1010 n.1 (3d Cir. 1971) ("28 U.S.C. § 2679 precludes such a suit against a Federal agency, as distinguished from the United States."). The FTCA, in fact, "withdrew the right to proceed against federal agencies on tort claims cognizable under the Act," *Freeling v. F.D.I.C.*, 221 F. Supp. 955, 956 (W.D. Okla. 1962), aff'd 326 F.2d 971 (10th Cir. 1963); and made it clear that

---

[1] Since this Court finds that it does not have subject matter jurisdiction based on Plaintiffs' failure to name the proper party, I cannot address Defendants' argument that Plaintiffs also failed to meet the requirements of the administrative claim.

"under [the FTCA], a federal agency cannot be sued directly, [but rather], action must be brought against the United States." *Newberg v Federal Sav. & Loan Ins. Corp.*, 317 F. Supp. 1104, 1106 (N.D. Ill. 1970); *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965). Thus, in order for this Court to have subject matter jurisdiction, negligence-related claims must only be asserted against the United States. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir.2009); *Newberg*, 317 F. Supp. at 1106; *Holmes*, 341 F.2d at 480. *See also* 28 U.S.C. § 2679(a); *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir.2002).

To be clear, it makes no difference whether the FTCA action is brought against an agency or an individual; indeed, neither the agencies nor their agents can be sued directly under the FTCA. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Int'l Islamic Cmty. of Masjid Baytulkhaliq v. United States*, 981 F. Supp. 352, 364 (D.V.I. 1997) ("the Federal Tort Claims Act precludes suits against federal employees for common-law torts committed during the course and within the scope of their employment. 28 U.S.C. § 2679(b)(1)").

Furthermore, the exclusion of the United States as a defendant warrants dismissal. In actions where plaintiffs have attempted to sue agencies or their agents pursuant to the FTCA and *not* the United States, courts have dismissed them for lack of subject matter jurisdiction. *See Freeling*, 221 F. Supp. at 957; *Kennedy*, 145 F.3d at 1078 ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint as improperly filed against the Postal Service"); *Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1098 (D. Nev. 2002), aff'd, 63 Fed. Appx. 346 (9th Cir. 2003) (failing to name the United States as the defendant required dismissal of the plaintiff's claim for lack of subject matter jurisdiction); *Davis v. Fed. Deposit Ins. Corp.*, 369 F. Supp. 277, 279 (D. Colo. 1974) (granting motion to dismiss

because "[u]nder 28 U.S.C.; and § 2679, the exclusive remedy is against the United States, and the federal agency responsible for the alleged tort cannot be sued.").

Here, Plaintiffs bring their FTCA claims against the USPS and its employee, Mr. Wesiniger, for negligence and loss of consortium. The United States has not been named, and as a result, this Court does not have subject matter jurisdiction. Importantly, Plaintiffs have not requested to amend the Complaint to include the United States as a defendant; rather Plaintiffs failed to address this issue entirely. Such a failure strips this Court of its jurisdiction and I am constrained to grant Defendants' motion to dismiss.

### B. Administrative Requirements

As this Court no longer has jurisdiction pursuant to 28 U.S.C. § 2671, I may not decide whether Plaintiffs have failed to comply with the jurisdictional administrative claim requirements by not providing the USPS with a sum certain, or the amount of claim in the Standard Form 95. However, it does not appear that Plaintiffs have sufficient evidence to prove that they complied with the administrative remedy requirements despite providing property damage bills and other related documents. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457-58 (3d Cir. 2010) ("a claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim."). Nevertheless, this Court need not reach this issue as Plaintiffs have not brought this suit against the proper party. Without jurisdiction over this case, the Court must dismiss this matter without prejudice.

## CONCLUSION

For the above stated reasons, Defendants' Motion to Dismiss is **GRANTED.**

An appropriate Order shall follow.

Dated: August 4, 2014  /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge