**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
                                            :

RICHARD HUTCHINSON, SR. AND    :
SHAROLYN HUTCHINSON,             :
                       Plaintiffs      :

                                       :     Civil Action No.: 12-5792 (FLW)
             v.               :
                                       :           **OPINION**

DAVID M. WEISINGER, UNITED STATES :
POSTAL SERVICE, JOHN DOE OWNERS (1-10) :
AND/OR RESPONSIBLE PARTIES (1-10),   :
                                       :

                   Defendants.     :
—————————————————————:

### WOLFSON, United States District Judge:

      Plaintiffs Richard and Sharolyn Hutchinson ("Plaintiffs") move to reopen and amend their Complaint in this case that was previously dismissed by this Court. This dismissed-action involves negligence and loss of consortium claims against the United States Postal Service ("USPS") and David Weisinger (collectively, "Defendants"), brought pursuant to the Federal Tort Claims Act ("FTCA"). In their sole proposed amendment, Plaintiffs name the United States of America (the "Govnerment") as a defendant so as to cure the deficiency in the initial Complaint. As an excuse, Plaintiffs posit that reopening this matter is proper because "exceptional circumstances" exist. In response, Defendants argue that reopening this action is improper because the proposed amendment would not cure the defects leading to the original Complaint's dismissal for two reasons: 1) Plaintiffs' claims against the Postal Service driver, Weisinger, and the USPS, cannot proceed as they are improper defendants in an action brought under the FTCA; and 2) Plaintiff's claims against the United States would be subject to dismissal because Plaintiffs failed to comply

with the procedural requirements of the FTCA. For the reasons set forth below, Plaintiff's motion

to Reinstate and Amend the Complaint is **DENIED**.

## BACKGROUND

The action arises from a motor vehicle accident on September 15, 2010, wherein Weisinger

allegedly injured Mr. Hutchinson while driving a USPS vehicle. Compl., ¶¶ 1, 4. Plaintiffs allege

Weisinger negligently operated his USPS vehicle which caused the collision, inflicting "severe

and permanent bodily injuries" upon Mr. Hutchinson. *Id.* at ¶¶ 4-5. Mr. Hutchinson's injuries are

also the basis for a derivative loss of consortium claim brought by his wife, Mrs. Hutchinson. On

September 14, 2012, the present Complaint was filed pursuant to the FTCA, seeking damages for

Plaintiffs' injuries. On August 4, 2014, this Court granted Defendants' Motion to Dismiss, having

found a lack of subject matter jurisdiction because Plaintiffs failed to properly name the United

States as a defendant, as required by the FTCA. (Opinion, pp. 4-5 [Docket Entry 13]).  Importantly,

this Court dismissed the Complaint without providing Plaintiffs leave to amend their Complaint.

On October 15, 2014, Plaintiffs filed a Motion to Reinstate and Amend Complaint. (Motion

to Amend [Docket Entry 15]). The only change in the proposed amended complaint is the addition

of the United States as a defendant. *Id.* While the Government responded by filing opposition,

Plaintiffs filed no further papers.

## DISCUSSION

To amend a previously dismissed complaint, a party must first move for relief under either

Federal Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Glenn v. First Nat'l*

*Bank*, 868 F.2d 368, 370 (10th Cir. 1989); *see also Johnson v. Peralta*, No. 14-1445, 2015 U.S.

App. LEXIS 492, at *4 (3d Cir. Jan 3, 2015) (reopening under Rule 60(b)), *Landmesser v. Hazleton*

*Area Sch. Dist.*, 574 Fed. Appx. 188 (3d Cir. 2014) (reopening under Rule 59(e)). While a motion

to amend the complaint under Rule 15(a) can be brought concurrently with a 59(e) or 60(b) motion to reopen, Plaintiffs do not specify under which of the two rules the instant motion was brought. After examining both alternatives in turn, the Court finds that neither motion can be granted.

The Court first examines the motion as if it were brought under Rule 59(e). Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, this Court granted the Defendants' Motion to Dismiss the Complaint on August 4, 2014. Plaintiffs filed their Motion to Amend on October 15, 2014, seventy-one days later. Simply, and without further analysis, Plaintiffs' Rule 59(e) motion fails because it was filed untimely.

Alternatively, a motion for relief from a judgment or court order may be brought under Federal Rule 60(b). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir.1978) (quoted in *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir.2002)). Beyond this, it is important to keep in mind that "the remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.' " *Tischio v. Bontex, Inc.*, 16 F.Supp.2d 511, 533 (D.N.J.1998) (internal citations omitted). Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . .

Here, it does not appear that Plaintiffs intend to reopen under subsections (1) through (5) of Rule 60(b). Indeed, Plaintiffs have not presented any argument under these subsections. Specifically, within Plaintiffs' submissions, they do not make any suggestions that mistake, inadvertence, surprise, or excusable neglect is present (as provided by subsection (1)); nor do they allege the existence of newly discovered evidence (as provided by subsection (2)) or fraud (as provided by subsection (3)). And, subsections (4) and (5) do not apply here. The Court, therefore, concludes that if Plaintiffs are moving under Rule 60(b), they do so under the catchall language of subsection (6). Under this subsection, a court may grant a Rule 60(b) motion for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, a motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *FDIC v. Alker*, 234 F.2d 113, 116–17 (3d Cir.1956); *Tann v. Service Distributors, Inc.*, 56 F.R.D. 593, 598 (E.D. Pa. 1972), *aff'd*, 481 F.2d 1399 (3rd Cir. 1973); *Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82, 87 (W.D. Pa. 1972); *aff'd*, 474 F.2d 1340 (3rd Cir. 1973).

In Plaintiffs' submissions, Plaintiffs state, without further explanation, that because "exceptional circumstances" exist, this matter should be reopened. However, Plaintiffs have presented no evidence to support their position, let alone the type of "adequate proof" of "exceptional character" as contemplated by the Third Circuit. *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008), *Alker*, 234 F.2d at 116-17. In the absence of any support, Plaintiff's motion to reopen is denied. As such, this case remains closed.

Even if there were some bases to reopen this matter, Plaintiffs' claim would nevertheless be futile. As mentioned above, the only amendment present in the proposed amended complaint is the addition of the United States as a defendant. Plaintiffs did not remove Weisinger and the USPS as defendants. As this Court has explained in its first opinion in this matter, "the only proper

4

defendant in tort actions arising from the alleged negligent or wrongful conduct of federal employees" is the United States itself. *Hutchinson v. Weisinger*, No. 12-5792 (FLW), 2014 U.S. Dist. LEXIS 106363, 2014 WL 3817335, at *5 (D.N.J. Aug. 4, 2014) (quoting *Jama v. U.S. I.N.S.*, 22 F. Supp. 2d 353, 366 (D.N.J.)); 28 U.S.C. § 2679(a); *see Morano v. U.S. Naval Hosp.*, 437 F.2d 1009, 1010 n.1 (3d Cir. 1971) ("28 U.S.C. § 2679 precludes such a suit against a Federal agency, as distinguished from the United States."). Here, while Plaintiffs propose adding the United States as a defendant, Weisinger and the USPS continue to be improper defendants under 28 U.S.C. § 2679(a). Accordingly, Defendants Weisinger and the USPS would be dismissed as defendants should the case be reopened.

Finally, the remaining counts against the United States in the proposed amended complaint – Counts II, III, and IV – would also be dismissed for failure to comply with administrative requirements.[1]   Indeed, the FTCA provides circumstances under which parties may bring suit against the United States for alleged negligence of federal employees or agencies. Plaintiffs' complaint, however, must adhere to the relevant statutory text. Specifically:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a) (emphasis added). A claim has been "presented" when "an executed Standard Form 95 . . . [is] accompanied by a claim for money damages in a sum certain for injury to or loss

---

[1]     Count I only asserts a claim against Weisinger. As such, because Weisinger would be dismissed as a defendant, this claim would also be dismissed.

of property [or] personal injury . . . ." 28 C.F.R. § 14.2(a). Taken together, this creates a firm obligation on the plaintiff to place a value on the claim and present that value to the agency. *See Tucker v. United States Postal Service*, 676 F.2d 954, 958-59 (3d Cir. 1982). Failure to present a FTCA claim with a sum certain is dispositive, and deprives this Court of subject matter jurisdiction over the tort claim. *White-Squire*, 592 F.3d at 458.

Here, Plaintiffs' administrative claim, as presented to the USPS, was deficient because Mr. Hutchinson did not identify a sum certain on his Form 95. Indeed, on Form 95, a claimant must indicate in boxes 12a and 12b, the dollar amounts sought for property and medical damages. Plaintiffs' claim form reads only "unknown at this time" and "to be provided."  Nevertheless, Plaintiffs submit that they have provided the agency with copies of various medical bills and estimates for property damages.  While the USPS denies that it received the medical bills, these documents purportedly submitted by Plaintiffs are not a sufficient substitute for the "sum certain" requirement. *See* Form 95 ("Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights"); *see, e.g., Meehan v. Taylor*, 2013 WL 4517943 at *11-12 (D.N.J. Aug. 26, 2013), *White-Squire*, 592 F.3d at 457; *cf. Weiner v. Garone*, 2009 WL 1795799 at *2-4 (D.N.J. June 23, 2009) (holding that the submission of medical records and a ledger of insurance payments to the Secret Service was insufficient to satisfy the "sum certain" requirement because it failed to provide minimal notice of the value of a plaintiff's claim).

As a result, the FTCA's requisite jurisdictional administrative claim requirements have not been met. Should the matter be reinstated and the proposed amended complaint filed, it would be subject to immediate dismissal for failure to satisfy these requirements.[2]  Thus, even if the Court

---

[2]    Correspondingly, Ms. Hutchinson's loss of consortium claim would also be dismissed due to its derivative nature. *See, e.g., Nazaro v. U.S.*, 304 F. Supp. 2d 605, 622 (D.N.J. 2004) (dismissing wife's claim for loss of consortium because she did not file an administrative claim).

were to permit Plaintiff to file his Amended Complaint, all of his claims would be dismissed for the reasons set forth above.

## CONCLUSION

For the above reasons, Plaintiffs' Motion to Reinstate and Amend Complaint is **DENIED.** An appropriate Order shall follow.

Dated: February 10, 2015                              /s/ Freda L. Wolfson
                                                              Hon. Freda L. Wolfson
                                                              United States District Judge